UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Charles Nathan Byrd,

          Plaintiff,

Civ. No. 13-2279 (RHK/LIB)
**MEMORANDUM OPINION AND ORDER**

v.

J Rayl Transport, Inc., and Bennie Hughes, III,

          Defendants.

---

Carlos M. Fleites, Carlos M. Fleites P.A., Miami, Florida, Jeanette M. Bazis, Katherine M. Swenson, Greene Espel PLLP, Minneapolis, Minnesota for Plaintiff.

Cheryl A. Hood Langel, Robert L. McCollum, McCollum Crowley Moschet Miller & Laak, Ltd., Minneapolis, Minnesota for Defendant J Rayl Transport, Inc.

---

## INTRODUCTION

In this negligence action, Plaintiff Charles Nathan Byrd seeks compensation for injuries he sustained when a truck owned by Defendant J Rayl Transport, Inc. ("J Rayl") and driven by its employee, Defendant Bennie Hughes III, collided with his vehicle. J Rayl now moves to dismiss for lack of personal jurisdiction.[1] For the reasons that follow, its Motion will be denied.

---

[1] Hughes also moved to dismiss for lack of personal jurisdiction but Byrd has since voluntarily dismissed Hughes from the action; accordingly, J Rayl is the sole remaining Defendant and movant.

**BACKGROUND**

J Rayl is a trucking business incorporated in Ohio with its principal place of business in Ohio. As a motor carrier transporting property or persons across state lines, J Rayl is subject to federal regulation. See 49 U.S.C. § 13501 et seq. Among other requirements, J Rayl must designate an agent to accept service of process in each state in which it operates. § 13304 ("A motor carrier or broker providing transportation subject to jurisdiction under chapter 135 . . . shall designate an agent in each State in which it operates by name and office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier or broker."). Because J Rayl travels through Minnesota, it has a registered agent in Minnesota. Byrd contends J Rayl has therefore consented to jurisdiction in Minnesota, which J Rayl disputes.

The parties agree that jurisdiction in Minnesota is lacking unless J Rayl has consented to it, as the relevent collision occurred in Texas, J Rayl has little contact with Minnesota, and Byrd served J Rayl with process at its place of business in Akron, Ohio.

**ANALYSIS**

Traditionally, a state may establish jurisdiction over a non-resident defendant by the defendant's presence in the state or by his consent. Most jurisdictional challenges focus on a defendant's presence, either through his contacts with the state or his physical presence there at the moment he is served with process. E.g., McGee v. Int'l Life Ins. Co., 355 U.S. 220 (1957); Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945). J Rayl's lack of presence in Minnesota is not contested here. Instead, Byrd seeks to establish

jurisdiction through J Rayl's consent.  A party most often consents to jurisdiction by appearing in the action, thereby waiving the defense.  But consent may be established in other ways as well, such as designating an agent for service of process within the state.  See Ocepek v. Corporate Transport, Inc., 950 F.2d 556, 557 (8th Cir. 1991); Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1199 (8th Cir. 1990).

In Ocepek, the Eighth Circuit explained:  "This Court held [in Knowlton] that the presence of an agent designated pursuant to a state statute was sufficient to indicate consent to be sued in that jurisdiction.  In dicta, we also stated that the presence of an agent designated pursuant to 49 U.S.C. § 10330(b) would be sufficient to confer personal jurisdiction on the District Court.  If our present facts ended there, we would have no hesitation in finding that [the defendant] consented to be sued in Missouri."  Ocepek, 950 F.2d at 557 (internal citations omitted).  Thus, the Circuit has *twice* stated (albeit in dicta) that designating an agent to receive process under 49 U.S.C. § 10330 is sufficient to confer personal jurisdiction.  The Circuit's language is explicit and the Court is compelled to follow it, irrespective of J Rayl's arguments that the Circuit is mistaken.[2]  By registering an agent in Minnesota, J Rayl has consented to jurisdiction here.

---

[2] Although other Circuits may have decided the issue more recently and come to the opposite conclusion, e.g. N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 16 n.6 (1st Cir. 2009); Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1293 (11th Cir. 2000); Pittock v. Otis Elevator Co., 8 F.3d 325, 329 (6th Cir. 1993); Siemer v. Learjet Acquisition Corp., 966 F.2d 179, 182 (5th Cir. 1992), J Rayl has not presented any intervening *controlling* precedent undercutting the Eighth Circuit's decisions in Ocepek and Knowlton.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, it is

**ORDERED** that Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. No. 15) is **DENIED**.

Date: January 29, 2014

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge
